UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMELIA BUTLER,

        Plaintiff,

   v.

SI HO RAUGH,

        Defendant.

CASE NO. C19-964 RSM

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT

     Pro Se Plaintiff, Amelia Butler, was granted leave to proceed *in forma pauperis* ("IFP") in this matter. Dkt. #5. Plaintiff has filed both a Complaint (Dkt. #6) and an Amended Complaint (Dkt. #7). While both appear deficient, the Court will focus its analysis on Plaintiff's Amended Complaint. Summonses have not yet been issued.

     Plaintiff is suing her hair stylist, Si ho Raugh. In her Amended Complaint, Plaintiff does not detail the events leading to her claim or directly state the damage or harm that she suffered. Rather, Plaintiff offers only conclusory statements that she was harmed and seeks damages of three million dollars. From all the materials filed by Plaintiff, it appears that she got her hair dyed and subsequently "developed a chemical burn." Dkt. #6 at 10. Documents indicate that Plaintiff informed employees that her scalp was burning but that the hair dye was left on her hair for an additional fifteen minutes. Dkt. #4 at 3–5. Confusingly, Plaintiff also attaches a statement

ORDER – 1

from Mi Na Kamg indicating that she colored and washed Plaintiff's hair and that Plaintiff indicated that her hair "felt great," paid, and left. Dkt. #7 at 8.

Plaintiff seems to allege that the hair stylist was negligent in allowing her scalp to be injured, violated Washington State sanitary standards for cosmetologists, violated state laws related to professional conduct, and was general dishonesty. *Id.* at 2–5. Plaintiff further alleges that after being injured, Defendant interfered with investigations into the matter and covered up her actions by making false statements. *Id.* Under a heading entitled "Jurisdiction," Plaintiff lists: "Libel, Slander, King County jurisdictions, Fraud, defamation of character, intentional infliction of harm, emotional distress, and the Damages of $3million." *Id.* at 1.

Where a plaintiff is granted IFP status, the court will dismiss the complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Further, as federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that a case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A plaintiff may establish federal question jurisdiction by pleading a "colorable claim 'arising under' the Constitution or laws of the United States" or diversity jurisdiction by pleading "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently set at $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations omitted).

ORDER – 2

Plaintiff's Amended Complaint does not establish a basis for federal question jurisdiction. Plaintiff does not identify any colorable claim under federal law or the Constitution. The closest that Plaintiff comes are her conclusory pleadings that:

> 21. [Defendant] intentionally refusing immigration laws and rules by being dishonest and harming a US citizen.
> 22. Refusing [Plaintiff] her constitutional rights.
> 23. [Defendant] is harming a US intentionally.
> 24. [Defendant] Scamming immigration by being dishonest and hurting a US citizen intentionally.
> 25. [Defendant] intentionally set to harm US citizens by hiding information about my injuries and refusing to tell the truth.

Dkt. #7 at 5. But these conclusory statements do not raise a colorable claim over which the Court can exercise jurisdiction or upon which relief can be granted.

Plaintiff's Amended Complaint also does not establish a basis for diversity jurisdiction. Plaintiff alleges that both she and Defendant are citizens of Washington. Dkt. #7 at 1. As plead, there is not diversity between the parties. *See* 28 U.S.C. § 1332(a) (providing original jurisdiction over civil matters where the controversy exceeds $75,000 and is between "citizens of different States"). Also, other than Plaintiff's unsupported allegation her damages are three million dollars, there is no reasonable indication that the dispute exceeds the jurisdictional amount of $75,000.

Lastly, the Court notes that the Amended Complaint also appears deficient under the applicable pleading rules. Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff does not adequately allege facts supporting her claims. *Twombly*, 550 U.S. at 555 (a complaint need not include detailed allegations, but must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

ORDER – 3

Due to these numerous deficiencies, the Court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and accordingly dismisses Plaintiff's Amended Complaint. However, a court dismissing a complaint should freely grant leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). While the Court is skeptical that Plaintiff can cure these deficiencies through amendment, the Court will grant Plaintiff leave to amend her complaint, as indicated below.

Accordingly, having reviewed Plaintiff's filings and the remainder of the record, the Court finds and ORDERS:

1. Plaintiff's Amended Complaint (Dkt. #7) is DISMISSED without prejudice.
2. Plaintiff is GRANTED leave to amend her Complaint. Within twenty-one (21) days of this Order, Plaintiff shall file an amended complaint that satisfies the applicable pleading standards and adequately demonstrates that this Court has jurisdiction to hear the claims. Failure to file an amended complaint within twenty-one (21) days of this Order will result in the matter being CLOSED.
3. The Clerk shall mail Plaintiff a copy of this Order at: P.O. Box 3388, Federal Way, Washington 98063.

//
//
//

ORDER – 4

Dated this 28th day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5