UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMELIA BUTLER, | CASE NO. C19-964RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| SI HO RAUGH and MS. CANTY-BASHAM, | |
| Defendants. | |

This matter is before the Court sua sponte following consideration of Plaintiff's Amended Complaint. Dkt. #28. Having reviewed the Amended Complaint, the Court finds that it lacks subject matter jurisdiction to consider the action and dismisses Plaintiff's claims without prejudice.

Plaintiff asserts a variety of tort claims purportedly arising from a hair treatment she alleges was improperly applied by Defendant Si Ho Raugh, under the supervision of Defendant Melody Canty-Basham. *Id.* at 2. Plaintiff maintains that the treatment was left on too long, damaging her head, scalp, and hair. *Id.* Plaintiff alleges that Defendants subsequently washed her hair 6-10 times over a 24-hour period, presumably to mitigate damage, but that this caused further pain and injuries to her neck and back. *Id.* at 3. Plaintiff reported Defendants to the Washington State Department of Licensing, the applicable state regulatory agency, which

ORDER – 1

subsequently investigated. Plaintiff maintains that Defendants were dishonest with state investigators during their investigation and attempted to interfere with the investigation. *Id.* at 4. Plaintiff maintains that the state investigation revealed violations of several state regulations and relies on these violations in support of her conclusion that Defendants were negligent. *Id.* at 19–28. Plaintiff seeks damages of twenty million dollars. *Id.* at 32.

Where a plaintiff proceeds *in forma pauperis*, as Plaintiff does here, the court is to dismiss the action, at any time, if it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Establishing subject matter jurisdiction in federal courts is paramount. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented [as] . . . [s]ubject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Federal Rule of Civil Procedure 12 likewise requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Because federal courts are courts of limited jurisdiction, the plaintiff bears the burden of establishing that a case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A plaintiff may establish federal question jurisdiction by pleading a "colorable claim 'arising under' the Constitution or laws of the United States" or diversity jurisdiction by pleading "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently set at

ORDER – 2

$75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations omitted); *see also*, 28 U.S.C. §§ 1331, 1332.

Plaintiff does not establish diversity of citizenship between the parties. In fact, Plaintiff argues that venue is proper precisely because she is a resident of King County and "Defendant is believed to be a natural person and reside in King County." Dkt. #28 at 12. Because Plaintiff and Defendants do not have diverse citizenship, no basis exists for diversity jurisdiction.[1]

Plaintiff also cannot establish federal question jurisdiction. Plaintiff indicates, in a conclusory manner, her belief that a federal question provides a basis for jurisdiction, Dkt. #28 at 10, but the Court is unable to locate a federal question presented in her Amended Complaint. Plaintiff continues to assert state tort claims for personal injury, assault, libel, slander, defamation, fraud, intentional infliction of harm, and emotional distress. *See generally*, *id.* Likewise, Plaintiff cites only to state statutes and regulations as having any bearing on the substance of her claims. *Id.* at 6, 7, 13, 16–19, 22, 24, and 26–28. Plaintiff makes passing reference to the Seventh Amendment's preservation of the right to jury trial and cites to a United States District Court case from the Middle District of Florida that does not address jurisdictional issues.[2] Neither establish a basis for federal question jurisdiction in this case.

A court dismissing a complaint should freely grant leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*,

---

[1] Plaintiff does allege that Defendant Raugh "may not be a U.S. citizen" as she may be Korean. Dkt. #28 at 16. Even so, diversity jurisdiction requires complete diversity—each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 (1996). Diversity jurisdiction cannot exist because Plaintiff alleges that both she and Defendant Canty-Basham are citizens of Washington.

[2] "The Seventh Amendment to the United States Constitution ensures the right to a trial by jury in any civil lawsuit . . . *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299 (M.D. Fla. 2010)." Dkt. #28 at 6.

ORDER – 3

809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). The Court previously alerted Plaintiff to the lack of any federal question within her complaint and granted Plaintiff's request to amend at that time. Dkts. #8 and #26. Even so, Plaintiff was unable to establish any possible basis for this Court having subject matter jurisdiction. Given the total absence of a colorable claim under federal law, the Court finds that amendment would be futile.

Accordingly, having reviewed Plaintiff's Amended Complaint and the remainder of the record, the Court finds and ORDERS:

1. All of Plaintiff's claims asserted in the Amended Complaint (Dkt. #28) are DISMISSED without prejudice
2. This matter is CLOSED.
3. The Clerk shall mail Plaintiff a copy of this Order at: P.O. Box 3388, Federal Way, Washington 98063.

Dated this 10 day of September, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4